IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL LINDSEY, | ) |
| | ) |
| PLAINTIFF, | ) |
| V. | ) |
| | ) CIVIL ACTION NUMBER: |
| NCO FINANCIAL SYSTEMS, INC.; | ) |
| | ) |
| DEFENDANT. | ) |
| | ) |

## PLAINTIFF'S COMPLAINT

1. This is an action brought by the Plaintiff, Michael Lindsey ("Lindsey"), for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d). Venue is proper in that the Defendant transacted business in this district, and the Plaintiff resides in this district.

## PARTIES

3. The Plaintiff affirmatively states that he is a resident and citizen of the state of Alabama, Shelby County, and is over the age of twenty-one (21) years.

4. The Defendant, NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania corporation, and was, in all respects and at all times relevant herein, doing business in the state of

Alabama. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Shelby County, Alabama.

## FACTUAL ALLEGATIONS

5. In the course of attempting to collect a debt allegedly due from the Plaintiff to a third party, the Defendant communicated with the Plaintiff in a manner which violated the FDCPA causing Plaintiff to be damaged.

6. The alleged debt was incurred for personal, family, or household purposes.

7. The Plaintiff is a "consumer" and the defendant is a "debt collector" as defined by the FDCPA.

8. On June 8, 2011, the Defendant began to leave numerous voice messages on the Plaintiff's wireless voice mail service. Plaintiff's voicemail greeting clearly identified the voicemail mailbox as belonging to Plaintiff.

9. In a letter to Plaintiff dated June 9, 2011 (but not delivered to Plaintiff in the U.S. Mail until June 20), Defendant wrote, "If you choose not to respond to this notification, we will assign your account to a collector with instructions to collect the balance."

10. The aforementioned letter was a deceptive and misleading statement since a collector had already begun with attempts to collect the alleged debt.

### *Collection Call to Plaintiff's Stepmother*

11. On or about June 9, 2011, the Defendant called the home of Plaintiff's stepmother and engaged in conduct which violated the FDCPA, and Plaintiff's right to privacy.

12. The caller was an agent/employee of NCO who identified herself to Plaintiff's stepmother as "Lateshia." This person claimed falsely to be calling from a "loan company" and stated that Plaintiff's Stepmother was listed as a reference on Plaintiff's

account. Lateshia further stated that she needed to speak with Plaintiff regarding "an important personal business matter." The agent/employee asked Plaintiff's stepmother, a third party, to have Plaintiff call her back at (866) 695-3013 (which, upon information and belief, is a number belonging to Defendant) regarding reference #HXG042. Plaintiff has never listed step mother as a "reference" on any account.

### *Collection Call to Plaintiff's Brother*

13. On June 16, 2011, the same agent/employee, "Lateshia," called the Plaintiff's brother.

14. During that phone conversation, "Lateshia" told Plaintiff's brother that she had "a bad number" for Plaintiff and that Plaintiff's brother was listed as a "reference".

15. The agent/employee, "Lateshia," then asked Plaintiff's brother to deliver a message to Plaintiff asking Plaintiff to call her regarding an "important personal business matter."

16. The agent/employee's statement that she had a "bad number" for Plaintiff was false and deceptive, because she had left over 12 messages on Plaintiff's clearly identified cell phone(s) in the week preceding the third party communications. Further, Plaintiff has never listed brother as a "reference" on any account.

17. These communications to Plaintiff's stepmother and brother, third parties, by the Defendant were clearly not attempts to "obtain location information" as allowed by the FDCPA, but rather a coercive attempt to humiliate and embarrass plaintiff into paying an alleged debt.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

18. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

19. The Defendant has engaged in collection in numerous activities and practices in violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq*.

20. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, actual damages, punitive damages, as well as an award of costs and attorneys fees.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

16. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

17. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

18. The Defendant knew or should have known that said conduct was improper.

19. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

20. The Defendant negligently failed to train and supervise collectors on the FDCPA.

21. As a result of the Defendant's negligence, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

22. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

23. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

24. The Defendant knew or should have known that said conduct was improper.

25. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

26. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA.

27. As a result of the Defendant's recklessly and wanton conduct, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff demands a judgment against the Defendant as follows:

   A. Statutory damages from the Defendant for the violations of the FDCPA;

   B. Actual damages for the Defendant's violations of the FDCPA and state law claims;

   C. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C. § 1692k;

   D. Compensatory and punitive damages against Defendants on Plaintiff's state law claims;

   E. Such other relief that this Court deems just and proper.

/s/ John C. Hubbard
John C. Hubbard (ASB-8252-H46H)
Attorney for Plaintiff

**OF COUNSEL:**
**JAUREGUI & LINDSEY, LLC**
2110 Devereux Circle, Ste 100
Birmingham, AL 35243
Phone: (205) 970-2233
jhubbard@jandllawfirm.com

/s/ W. Whitney Seals
W. Whitney Seals (ASB-8890-W81S)
Attorney for Plaintiff

**OF COUNSEL:**
**PATE & COCHRUN, LLP**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
filings@plc-law.com