FILED
2012 Apr-13  AM 09:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL LINDSEY,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | **2:11-CV-03183-WMA** |
| **NCO FINANCIAL SYSTEMS, INC.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **DEFENDANT.** | ) | |

## PLAINTIFF'S AMENDED COMPLAINT

1.    This is an action brought by the Plaintiff, Michael Lindsey ("Lindsey"), for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d). Venue is proper in that the Defendant transacted business in this district, and the Plaintiff resides in this district.

## PARTIES

3.    The Plaintiff affirmatively states that he is a resident and citizen of the state of Alabama, Shelby County, and is over the age of twenty-one (21) years.

4.    The Defendant, NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania corporation, and was, in all respects and at all times relevant herein, doing business in the state of Alabama.  The Defendant is engaged in the business of collecting consumer debts from consumers residing in Shelby County, Alabama.

## FACTUAL ALLEGATIONS

5.    In the course of attempting to collect a debt allegedly due from the Plaintiff to a third party, the Defendant acted or failed to act in a manner which violated the FDCPA causing Plaintiff to be damaged.

6.    The alleged debt was incurred for personal, family, or household purposes.

7.    The Plaintiff is a "consumer" and the defendant is a "debt collector" as defined by the FDCPA.

8.    On or about June 8, 2011, the Defendant began to leave numerous voice messages on the Plaintiff's wireless voice mail service.  Plaintiff's voicemail greeting clearly identified the voicemail mailbox as belonging to Plaintiff.

9.    In the course of attempting to collect this debt, Defendant called Plaintiff's cell phone number approximately eighteen times and left approximately five messages.

*Collection Call to Plaintiff's Stepmother*

10. On or about June 9, 2011, despite having Plaintiff's correct contact information, Defendant called the home of Plaintiff's stepmother, Kay Lindsey, and engaged in conduct, which violated the FDCPA.

11. The caller was an agent/employee of Defendant NCO who identified herself to Plaintiff's stepmother as Latisha Williams.

12. Latisha Williams was at the time, and is currently, an employee of Defendant NCO Financial Systems, Inc. and was calling in the course of her employment as a debt collector with NCO.

13. Latisha Williams, in the course of the collection call to Kay Lindsey, identified her employer, NCO Financial Systems without being expressly requested to do so.

14. During the course of the phone call, Latisha Williams stated that Plaintiff's Stepmother's phone number was listed as a reference number on Plaintiff's account.

15. Latisha Williams further stated that she was calling in reference to "an important personal business matter."

16. Latisha Williams, during the phone call, asked Plaintiff's stepmother, a third party, to deliver a message to Plaintiff requesting that Plaintiff call her back

at (866) 695-3013 (which, upon information and belief, is a number belonging to Defendant).

17. Latisha Williams' statement that Kay Lindsey's telephone number was left as a "reference number" was false and deceptive in that Plaintiff has never listed Kay Lindsey as a "reference" on any account and has not provided her phone number as a reference number.

18. Plaintiff does not reside with Kay Lindsey at her residence.

*Collection Call to Plaintiff's Brother*

19. On June 16, 2011, the same agent/employee, Latisha Williams called the Plaintiff's brother, Gregory Lindsey.

20. During that phone conversation, Latisha Williams told Plaintiff's brother that Plaintiff's brother's phone number was left as a "reference number."

21. Latisha Williams, in the course of the collection call to Gregory Lindsey, identified her employer, NCO Financial Systems without being expressly requested to do so.

22. Latisha Williams also represented to Gregory Lindsey that she was trying to reach Plaintiff, but did not think that the phone number she had was a good number.

23.   The agent/employee, Latisha Williams then asked Plaintiff's brother to deliver a message to Plaintiff asking Plaintiff to call her regarding a "very important business matter."

24.   Latisha Williams further asked if Plaintiff's brother to relay the message "right away," implying a false sense of urgency.

25.   Latisha Williams' statement that she had a "bad number" for Plaintiff was false and deceptive, because she or other agents or employees of Defendant had left messages on Plaintiff's clearly identified cell phone preceding the third party communications.

26.   Latisha Williams' statement that Gregory Lindsey's telephone number was left as a "reference number" was false and deceptive in that Plaintiff has never listed brother as a "reference" on any account and has not provided his telephone number as a "reference number."

27.   Plaintiff does not reside with his brother.

28.   In neither the communication with Plaintiff's stepmother nor the communication with Plaintiff's brother did Latisha Williams state that she was confirming or correcting location information.

29.   These communications to Plaintiff's stepmother and brother, both third parties, by the Defendant were clearly not attempts to "obtain location

information" as allowed by the FDCPA, but rather a coercive attempt to humiliate and embarrass plaintiff into paying an alleged debt.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

30.    The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

31.    The Defendant has engaged in collection in numerous activities and practices in violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.*

32.    As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, actual damages, punitive damages, as well as an award of costs and attorneys fees.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

33.    The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

34.    The Defendant knew or should have known of the conduct set forth herein, which was directed at and visited upon the Plaintiff.

35.    The Defendant knew or should have known that said conduct was improper and violated the law.

36.    The Defendant negligently failed to train and/or negligently failed to

supervise its collectors in order to prevent said improper conduct.

37.   The Defendant negligently failed to train and/or negligently failed to supervise collectors on the requirements and prohibitions of the FDCPA.

38.   As a result of the Defendant's negligence, the Plaintiff suffered worry, embarrassment, humiliation, anxiety, and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

39.   The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

40.   The Defendant knew or should have known of the conduct set forth herein, which was directed at and visited upon the Plaintiff.

41.   The Defendant knew or should have known that said conduct was improper and violated the law.

42.   The Defendant recklessly and wantonly failed to train and/pr recklessly failed to supervise its collectors in order to prevent said improper and illegal conduct.

43.   The Defendant recklessly and wantonly failed to train and supervise collectors with regard to the requirements and prohibitions of the FDCPA.

44.   As a result of the Defendant's recklessly and wanton conduct, the Plaintiff suffered worry, embarrassment, humiliation, anxiety, and mental anguish.

## COUNT FOUR
## NEGLIGENCE

45.　The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

46.　Defendant and its employees or agents negligently failed to prevent and/or negligently participated in improper collection activities in the course of collecting a debt allegedly owed by Plaintiff.

47.　Defendant NCO Financial and its agents and employees owed a duty to the Plaintiff to not violate the FDCPA and also to not cause him harm in the course of collecting a debt allegedly owed by Plaintiff.

48.　Defendant through its agents and employees, including but not limited to Latisha Williams, breached that duty, causing Plaintiff harm, including but not limited to, worry, embarrassment, humiliation, anxiety, and mental anguish.

49.　Latisha Williams' negligent and wrongful conduct was done within the scope of her employment with Defendant and in the line of her job duties.

50.　Defendant's employees and agents, including Latisha Williams, negligent acts and omissions were done within the scope of employment and within the line of job duties with Defendant.

## COUNT FIVE
## WANTONNESS

51.   The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

52.   Defendant NCO Financial Systems, Inc. or its agents or employees acted or failed to act with a reckless or conscious disregard of the rights of Plaintiff with an awareness that harm likely or probably would result.

53.   As a result of Defendant's wanton conduct, Plaintiff suffered harm, including but not limited to, worry, embarrassment, humiliation, anxiety, and mental anguish.

54.   Defendant's employees or agents, including Latisha Williams, acted within the scope of employment with the Defendant when they caused Plaintiff's harm.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff demands a judgment against the Defendant as follows:

A.   Statutory damages from the Defendant for the violations of the FDCPA;

B.   Actual damages for the Defendant's violations of the FDCPA and state law claims;

C.      Costs and reasonable attorney's fees from the Defendant pursuant to

15 U.S.C. § 1692k;

D.      Compensatory and punitive damages against Defendants on Plaintiff's

state law claims;

E.      Such other relief that this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands that this case be tried before a struck jury pursuant

to F.R.C.P. 38.

   /S/ W. WHITNEY SEALS
W. Whitney Seals,
Attorney for Plaintiff

**OF COUNSEL:**
**PATE & COCHRUN, LLP**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
filings@plc-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 13TH DAY OF APRIL, 2012, that the
foregoing is electronically filed with the Clerk of the Court using the CM/ECF
system, the CM/ECF system will send notification of such filing to the following:

Laura C. Nettles, Esq.                          Allison L. Cannizaro, Esq.
LLOYD, GRAY, WHITEHEAD &         Sessions, Fishman, Nathan
      MONROE, PC                                       & Israel, L.L.C.
2501 20th Place South, Ste. 300          3850 N. Causeway Blvd., Suite 200
Birmingham, AL 35223                        Metairie, LA 70002-7227
205-967-8822                                        504-846-7926
lnettles@lgwmlaw.com                        acannizaro@sessions-law.biz

and I hereby certified that I have mailed the foregoing document by U.S. Mail, postage prepaid, to the following:

NONE.

                                        /s/ W. WHITNEY SEALS
                                        W. WHITNEY SEALS,
                                        Attorney for Plaintiff